IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ROSALIE N. KENNEDY,

        Petitioner,    :    Case No. 2:20-cv-2979

  - vs -        District Judge Sarah D. Morrison
        Magistrate Judge Michael R. Merz

WARDEN, Marysville
  Reformatory for Women,

        :
        Respondent.

## ORDER TO FILE INDEX TO REPLY; ORDER TO THE CLERK

      This habeas corpus case was brought *pro se* by Petitioner Rosalie Kennedy under 28 U.S.C. § 2254 to obtain relief from her conviction in the Logan County Court of Common of Common Pleas on a charge of murder with a firearm specification, resulting in a sentence of eighteen years to life imprisonment in Respondent's custody (Amended Petition, ECF No. 6, PageID 59).  The relevant filings before the Court are the Amended Petition (ECF No. 6), the State Court Record (ECF No. 20), the Return of Writ (ECF No. 21), and Petitioner's Reply (ECF No. 34, 34-1, 34-2, 34-3, 34-4, and 34-5).

      Ordinarily this would render the case ripe for disposition.  Upon examination of the Reply, however, the Magistrate Judge notes it is 320 pages long (ECF No. 34, 34-1, 34-2, 34-3, 34-4, and 34-5), and there is no evident organization to this document.  For example, the very first page begins with the label "new evidence" and the argument:

> Under the *Jackson* standard and AEDPA, deference is to be given to the trier of fact's verdict, but this verdict has to be held suspect when new evidence is brought forward since all the parties concealed from the defendant and the jury PageID 140-43 and the victim's confession of attempted murder of petitioner in a prior case, years earlier where the Judge and trial counsel were involved closely in that case.
>
> Petitioner will prove with this evidence that judicial bias infected the entire trial, creating such a structural error that the verdict cannot be though to be reliable.

(Reply, ECF No. 35-1, PageID 2714).

The evidence referred to here at PageID 140-43 shows that in 1997 in Bellefontaine Municipal Court Case No. 97-CRB-418 Marc Triplett, who was one of Kennedy's trial attorneys or perhaps associated in the practice of law with her trial attorney, had represented Gary Kennedy, the victim in this case and William Goslee, who had represented the State in the 1997 case, had become a Logan County Common Pleas Judge by 2014 and in that capacity presided over Rosalie Kennedy's murder trial. The Magistrate Judge cannot find in the record any copy of Gary Kennedy's supposed written confession in 1997 that he tried to kill Rosalie Kennedy. Ms. Kennedy argues (PageID 2716) that if this material had been introduced in evidence, it would have convinced the jury than seventeen years later Gary Kennedy was again trying to kill her when she shot him.

Clearly none of this argument or new evidence is relevant to the First Ground for Relief, ineffective assistance of trial counsel for failure to move to suppress Ms. Kennedy's statements to Detective Watson. It also does not appear to be related to any claim made in the Petition, which does not include any claim of judicial bias. Nor is the Magistrate Judge aware that Petitioner ever made a claim of judicial bias in any of the state court proceedings in this case, which raises the question whether that claim is unexhausted or procedurally defaulted.

Thus the first three pages of Petitioner's Reply exemplify serious problems with the Reply as a whole, all 320 pages. In order to enable the Court to deal with this complex pleading, Petitioner must supply the Court with an index to the Reply which tells the Court which pages of the Reply apply to which Grounds for Relief in the Petition. The index must be arranged as follows:

| Ground for Relief | Relevant Pages |
| --- | --- |
| Ground for Relief X | ECF No. ___  PageID _____ |
| Ground for Relief Y | ECF No. ___  PageID _____ |
| Ground for Relief Z | ECF No. ___  PageID _____ |

So that Petitioner can accomplish this task, the Clerk shall copy the Reply in a manner that shows the CM/ECF header and furnish it to Petitioner, indicating on the docket when the copy has been mailed. Petitioner shall file the index not later than fourteen days after the copy is mailed to her. The Court notes that Petitioner was granted five extensions of time to prepare her Reply, totaling more than ninety days, and still filed a document which is largely useless to the Court in its present form.

As noted above, there is no ground for relief based on judicial bias included in the Amended Petition. Petitioner appears to refer to this claim as Ground Twenty in her Reply, but new claims cannot be added to a habeas corpus petition in the reply. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). If Petitioner wishes this Court to consider her claim of judicial bias, she must move to amend the Amended Petition to include that claim. The same rule applies to any other new claims she may have made elsewhere in her Reply.

Finally, Petitioner refers at the very outset of her Reply to "new evidence." A habeas corpus court is precluded from considering new evidence on claims decided by the state courts on the merits. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

April 22, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
