# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ROSALIE N. KENNEDY,

        Petitioner,    :    Case No. 2:20-cv-2979

  - vs -        District Judge Sarah D. Morrison
                Magistrate Judge Michael R. Merz

WARDEN, Marysville
  Reformatory for Women,

              :
        Respondent.

## DECISION AND ORDER ON MOTIONS FOR JUDICIAL NOTICE

This habeas corpus case is before the Court on Petitioner's Motion for Judicial Notice of Documents Relevant to this Case (ECF No. 44) referring to the following documents:

> ECF No. 9-3, PageID 140, 141, 142, and 143 consists of copies of documents apparently filed by Marc Triplett as attorney for Gary Kennedy, Defendant in Bellefontaine Municipal Court Case No. 97-CRB-418.  The Certificates of Service show service on attorney William Goslee as an assistant city prosecutor.
>
> ECF No. 34, PageID 2719 purports to be a March 21, 1997, statement of Gary Kennedy provided to the Logan County Sheriff's Office regarding the 1997 domestic violence case against him.
>
> ECF No. 20, PageID 681-85 are the pages of a Motion in Limine filed in this case in the trial court on Defendant's behalf by attorney Tina McFall and part of the State Court Record as filed by Respondent, to wit, Ex. 20.

In her Motion to Amend, Petitioner also seeks judicial notice of the attached documents (ECF No. 45).  PageID 3160 purports to be the first page of an unsigned ex parte motion to hire an expert.

1

PageID 3161 is a Proof of Service of an unidentified document by Assistant Prosecutor Alice Robinson-Bond on Petitioner's trial counsel Schregardus and McFall on October 24, 2017; at the very end of the page appear the words "Motion to Compel."  Petitioner claims these documents are relevant to her case and help prove her innocence, but she does not explain how.

Fed. R. Evid. 201 allows a federal court to take judicial notice of adjudicative facts in a case that judge is trying.  Judicial notice substitutes for admission of testimonial evidence when the facts in question are commonly known and or can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

An example of the first would be that the intersection of Second and Perry Streets (where the Walter H. Rice Federal Building and United States Courthouse is located) is in the City of Dayton, County of Montgomery, and State of Ohio.  In a trial of someone for running a red light at that intersection, the prosecution would have to prove venue, but everyone who works in downtown Dayton knows that intersection is in Dayton, so a judge might properly take judicial notice.

As an example of the second, the Magistrate Judge notes the famous murder trial in which Abraham Lincoln had to prove how much moonlight there was on the night of the crime and did so by referring to the almanac.  People in the area might not have remembered what phase of the moon occurred the night of the murder, but the almanac was a source whose accuracy could not reasonably be questioned.

It is unclear to the Court how the documents referred to in Petitioner's Motions fit within the definition of judicial notice.  The Court may take judicial notice of public records.  *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005); *Jackson v. City of Columbus,* 194 F.3d 737 (6th

Cir. 1999).  That would include documents from the 1997 domestic violence case and from the trial court in this case, but only for a proper purpose.  A federal habeas corpus court cannot admit new evidence in support of a petition that was not submitted to and considered by the state courts.  *Cullen v. Pinholster*, 563 U.S. 170 (2011).  And even if the Court can properly take judicial notice of the existence of certain documents, that does not mean it can accept as true statements made in those documents.

In sum, Petitioner is welcome to try to explain to the Court why these documents are relevant and if they were submitted to the state courts.[1]  Petition's Motions for Judicial Notice are DENIED without prejudice to their renewal if she can satisfy these conditions.

July 20, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] Obviously PageID 681-85 were filed in the Logan County court and are already part of the record.