# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

ROSALIE N. KENNEDY,

               Petitioner,        :    Case No. 2:20-cv-2979

   - vs -                         District Judge Sarah D. Morrison
                                     Magistrate Judge Michael R. Merz

WARDEN, Marysville
  Reformatory for Women,

                                    :
               Respondent.

---

# DECISION AND ORDER ON SECOND MOTION FOR JUDICIAL NOTICE

---

This habeas corpus case is before the Court on Petitioner's Motion for Judicial Notice of Federal Laws (ECF No. 47). The Motion is GRANTED as follows: the Court takes judicial notice that the following statutes are duly enacted and in force statutes of the United States:

18 U.S.C. § 241 reads:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit

1

aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242 reads:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

42 U.S.C. § 1983 reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The Court notes that the first two of these are criminal statutes not obviously applicable in a habeas corpus case. The Supreme Court has expressly held that § 1983 may not be used to obtain

relief in lieu of the specific procedures required in habeas corpus.  *Preiser v. Rodriquez*, 411 U.S. 475 (1973).  The application of these statues to this case is not clear, but the Court has no difficulty taking judicial notices that there three status exist in the form set forth above.

July 23, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
