## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ROSALIE N. KENNEDY,**

         **Petitioner,**      :

  **v.**

      **Case No. 2:20-cv-2979**
      **Judge Sarah D. Morrison**
      **Magistrate Judge Michael R. Merz**

**WARDEN, MARYSVILLE
REFORMATORY FOR WOMEN,**    :

        **Respondent.**

## OPINION AND ORDER

This habeas corpus case was brought *pro se* by Petitioner Rosalie Kennedy to obtain relief from her conviction for murder in the Logan County Court of Common Pleas. The case is before the Court on Petitioner's Objections[1] (Objs., ECF No. 52) to the Magistrate Judge's Report and Recommendations (R&R, ECF No. 37) which recommended that the Amended Petition be dismissed with prejudice.

Under Fed. R. Civ. P. 72(b)(3), the referring District Judge must review *de novo* any portion of a Magistrate Judge's report on a dispositive motion to which substantial objection has been made. This Opinion and Order contains the results of that *de novo* review.

---

[1] Because Petitioner's Objections contain the private information of non-parties, the Court ordered the original (ECF No. 53) sealed and a redacted copy (ECF No. 52) to be filed on the open docket (Notation Order, ECF No. 51). PageID references in this Decision are to the redacted copy.

## I.     General Objection

Petitioner begins by objecting generally to the Magistrate Judge's recommendation of dismissal. (Objs., PageID # 3179–85.)  She accuses the Common Pleas Court, the prosecutor, and her trial attorneys of conspiring to deprive her of her rights under the Constitution in violation of 18 U.S.C. §§ 241 and 242.  These are criminal statutes; alleged violations can only be considered by the Court after a federal grand jury has returned an indictment which has not occurred.

Petitioner repeats these conspiracy charges throughout her Objections, but has produced no proof of any agreement among the trial participants to deprive her of her rights.  The fact that the other participants agreed on many points in the course of the trial does not by itself prove they agreed in order to injure Petitioner or deprive her of her rights.  This Decision therefore provides no further analysis of the § 241 and § 242 claims.

Petitioner asserts the trial judge, Judge William Goslee, should have disqualified himself from presiding in the case because twenty years prior he had been the prosecutor in a misdemeanor domestic violence case against her husband, the deceased in this case, and thus knew of his propensity to violence.  On its face this suggests Judge Goslee knew facts favorable to Petitioner's position, but her argument is that he let her husband off too lightly by letting him plead to disorderly conduct.

The Report deals with the disqualification issue in its analysis of Ground Ten. (R&R, PageID # 3125.)  The Magistrate Judge concluded that the record

2

disclosed no basis for disqualifying Judge Goslee and the Court agrees.  In any event this claim is procedurally defaulted because it was not presented to the Chief Justice of Ohio as a basis for disqualification before trial.

Petitioner also asserts that the Magistrate Judge is biased against her, demonstrated by the Judge accusing her "of pointing the gun and firing it three times." (Objs., PageID # 3180, citing R&R, PageID # 3114.)  As the Report notes at that point, Petitioner admitted firing the gun when she made the initial 911 call to report that her husband had been shot.  On direct appeal, the Third District Court of Appeals found that the evidence showed three shots had been fired from the .22 caliber revolver.  *State v. Kennedy*, 2018-Ohio-4172 ¶ 27 (Ohio App. 3rd Dist. Oct. 15, 2018). The Magistrate Judge did not make any accusations, but simply reported what the state courts had found to be the facts.  This Court is bound to accept findings of fact by the state courts unless the petitioner overcomes that presumption of correctness by clear and convincing evidence.  As noted below in reviewing Ground Ten, Petitioner has not met that burden.

Petitioner further objects that the Magistrate Judge's recommendation of denial of a certificate of appealability is a denial of due process. (Objs., PageID # 3179.)  There is no constitutional due process right to appeal from an adverse decision in a habeas corpus case.  Rather, Congress has conditioned any appeal on proof that, as to any issue appealed, reasonable jurists would disagree with the trial court's decision.  28 U.S.C. § 2244(b).  In Rule 11 of the Rules Governing § 2254 Cases, the Supreme Court requires district courts to consider the appealability

issue in any final decision of a habeas corpus case. The Sixth Circuit has recently

reminded District Courts to take this question seriously:

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484–85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.
>
> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Moody v. United States,* 958 F.3d 485 (6th Cir. 2020). To show entitlement to a

certificate of appealability, an unsuccessful habeas petitioner must show that

reasonable jurists would disagree as to one or more decisions of the District Court.

A general plea of "due process" is insufficient.

Petitioner also complains of the Magistrate Judge's recommendation that she

not be allowed to appeal *in forma pauperis* because, she says, her lack of funds has

been unquestioned. (Objs., PageID # 3179.) But it is not Petitioner's indigent status

that is in question. Rather, Congress has provided that *pro se* appellants be exempt from the filing fee only if there is an issue that is appealable in objective good faith. 28 U.S.C. § 1915(a)(3). The Sixth Circuit Court of Appeals requires that district courts determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

Though Petitioner may disagree with the Magistrate Judge's recommendations on these two issues, his recommendations do not show bias.

Finally, Petitioner complains that the Magistrate Judge ignored all the new evidence about the old domestic violence case. (Objs., PageID # 3180.) However, the Magistrate Judge was bound not to consider that new evidence on the merits of the case because it was never presented to the state courts as a basis for relief from conviction. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

## II. GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO FILE A MOTION TO SUPPRESS PETITIONER'S STATEMENT TO DETECTIVE WATSON

In her First Ground for Relief, Petitioner asserts she received ineffective assistance of trial counsel when her attorney did not move to suppress her statement to Detective Watson. The Report recommends that the Court defer to the Third District Court of Appeals' decision that allowing the statement to be admitted in evidence was a reasonable tactical decision of her attorney to get her version of events before the jury without having her take the stand. (R&R, PageID # 3097.)

Petitioner's Objections stand on her claim that she was not advised during the *Miranda* warnings that anything she said could be used against her. (Objs.,

PageID # 3186–87.)  The Third District and the Magistrate Judge acknowledged this, but concluded that allowing the statement was a reasonable tactical decision. Petitioner does not speak to this conclusion at all, and instead raises claims of conspiracy, evidence tampering, etc.

Strategic choices by defense counsel are "virtually unchallengeable." *Buell v. Mitchell,* 274 F.3d  337, 359 (6th Cir. 2001) (quoting *Meeks v. Bergen*, 749 F.2d 322, 328 (6th Cir. 1984)).  Although the ultimate decision whether to testify rests with the defendant, when counsel decides not to have his or her client testify, the defendant's consent is presumed. *Gonzales v. Elo*, 233 F.3d 348, 356 (6th Cir. 2000). A defendant who insists on testifying against his attorney's desires must, at a minimum, alert the trial court that he wishes to do so or that there is a disagreement with his attorney. *Id.* at 357.  Petitioner does not claim she did so, but blames Judge Goslee for not reminding her of her right to testify. (Objs., PageID # 3187.)

The question presented in Ground One is not whether the interrogating officer strictly complied with *Miranda* or whether the statement was hearsay.[2]  The question rather is whether the trial attorney's strategic decision to get Petitioner's version of the events before the jury by allowing the statement to be admitted was within the range of strategic decisions made by competent counsel and whether the Third District's decision that it was within that range is a reasonable application of

---

[2] The contents of the recording were not hearsay.  Statements by an opposing party are excluded from the definition of hearsay by Ohio R. Evid. 801.

*Strickland v. Washington,* 466 U.S. 668 (1984).  The Court finds it was.  Only two people were present at the shooting and the victim was dead.  One way to get Petitioner's story before the jury would have been to have her testify, but virtually all defense attorneys prefer alternatives to having defendants take the stand. Particularly here, where Petitioner gave officers inconsistent accounts of what happened, vigorous and effective cross-examination would have been expected.  The Court therefore defers to the Third District; its decision on this question is a reasonable application of *Strickland*.

## III. GROUND TWO: VIOLATION OF FIFTH AMENDMENT BY ADMITTING THE RECORDING

In her Second Ground for Relief, Petitioner argues it was plain error to admit her recorded statement.  The Report recommends that the Court defer to the Third District's decision rejecting this claim because the defense stipulated to admission of the recording. (R&R, PageID # 3099.)

Petitioner objects that admitting this recording and then not letting her testify violated her rights under the Confrontation Clause to confront herself, *i.e.,* her statements made in the recording.  The Confrontation Clause protects the right to confront adverse witnesses and is not applicable to explaining one's own prior statements to a jury.  Petitioner did have the right to testify in her own behalf, but did not bring her desire to testify to Judge Goslee's attention.

The Third District was correct that Attorney McFall had the authority to waive the Fifth Amendment violation and did so.  The Report correctly recommends deference to the Third District on this issue.

7

IV. **GROUND THREE: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO CHALLENGE STATEMENTS RECORDED IN THE POLICE CAR**

In her Third Ground for Relief, Petitioner asserts she received ineffective assistance of trial counsel when her trial attorney failed to move to suppress the audio recordings of statements she made while waiting in the rear of a police car for police to finish their initial inspection of the murder scene.

The Third District denied this claim on the merits, finding no basis on which the recordings could have been suppressed. The Report recommends deferral to the Third District. (R&R, PageID # 3102.)

Petitioner objects that she has shown from the record that Deputy Dixon was lying about the heat in the cruiser. (Objs., PageID # 3190.) Credibility, however, is for the trier of fact to decide. Rather than suggest how her recorded speech which was not in response to interrogation would have violated the Fourth or Fifth Amendment, Petitioner contends it was cruel and unusual punishment to hold her in custody for an hour and thirty-seven minutes. (*Id.*) Even assuming the truth of her testimony about being subjected to very cold conditions, the conditions themselves did not force her to curse (which she says is out of character) or to make incriminating statements. As the Third District and Magistrate Judge held, it is difficult to see how counsel could have suppressed this recording.

Petitioner claims she had a right to be alone in the rear of a police cruiser and the deputy's recording of her statements violated her right of privacy. (*Id.* at PageID # 3192.) She claims the recording was unauthorized without approval from the Attorney General, citing 18 U.S.C. § 2518. That is the statute governing

8

wiretaps.  Here there was no interception of a wire or electronic communication between Petitioner and any other person.

The Report correctly recommends deferral to the Third District on this Ground for Relief.

## V.  GROUND FOUR: FAILURE TO INSTRUCT ON NEGLIGENT HOMICIDE

In her Fourth Ground for Relief, Petitioner asserts the trial court violated her right to present a complete defense by refusing to instruct the jury on the lesser-included offense of negligent homicide.  The Third District decided both that negligent homicide is not a lesser included offense of murder under Ohio law and the facts did not support an instruction on negligent homicide.

The Report recommends dismissal on the merits because failure to give a lesser-included instruction in a non-capital case is not a violation of the Constitution. (R&R, PageID # 3103–04.)  The Report further recommends this claim be dismissed as non-cognizable in habeas corpus and "[a]lternatively, it should be dismissed on the merits because the right to present a complete defense does not include getting a jury instruction that the evidence does not justify." (*Id.* at PageID # 3104.)

Petitioner objects that "it is every person's right [when charged with murder] to have the jury vote on negligent homicide also." (Objs., PageID # 3193.)  This Court is bound, however, by the Third District's conclusion that negligent homicide is not a lesser included offense of murder.  *Bradshaw v. Richey*, 546 U.S. 74 (2005). Incidentally, Petitioner cites no Ohio case law to the contrary.

9

Petitioner objects to the Third District's reliance on Judge Goslee's finding that there might be negligence with one shot fired, but not with three. (Objs., PageID # 3194.)  Her objection, however, is based on his asserted disqualification and not on any record evidence that it was fewer than three shots fired.

The Court agrees with the Magistrate Judge that this claim is not cognizable in habeas corpus.

## VI.   GROUND FIVE: DENIAL OF COMPLETE DEFENSE BY PRECLUDING OFFER TO TAKE A POLYGRAPH TEST

In her Fifth Ground for Relief, Petitioner asserts her right to present a complete defense was violated when the trial court excluded her offer to take a polygraph examination.  The Report recommended this claim be dismissed as non-cognizable in habeas or, in the alternative, without merit as a complete defense argument. (R&R, PageID # 3106.) Petitioner makes no objection.

## VII.   GROUND SIX: CONVICTION ON INSUFFICIENT EVIDENCE

In her Sixth Ground for Relief, Petitioner asserts she was convicted on insufficient  evidence.  The Third District recited the evidence at length and, applying the correct federal standard as enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979), found that it was sufficient. (R&R, PageID # 3106–11.)  The Report recommended deference to this decision both on the facts and the law. (*Id.* at PageID # 3113–14.)

In her Objections, Petitioner reargues the weight of the evidence. (Objs., PageID # 3195–97.)  She then reargues her claim that the cruiser recordings should have been excluded. (*Id.* at PageID # 3197–98.)  She then inserts a claim that the

10

State's withholding of the victim's confession in the twenty-year-old domestic violence case violated *Brady v. Maryland*, 373 U.S. 83 (1963).

The Report correctly recommended that the Court defer to the Third District's decision on the sufficiency of the evidence claim as an objectively reasonable application of *Jackson*.

## VIII.   GROUND SEVEN: CONVICTION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE

In her Seventh Ground for Relief, Petitioner asserts her conviction is against the manifest weight of the evidence presented.  The Report recommended dismissing this claim for failure to state a claim cognizable in habeas.  Petitioner combines her objections on Grounds Six and Seven and does not respond to this non-cognizability point.

## IX.   GROUND EIGHT: FAILURE TO DISCLOSE FAVORABLE EVIDENCE AND UNCONSTITUTIONAL SEIZURE OF EVIDENCE

In her Eighth Ground for Relief, Petitioner asserts that the failure to disclose prior to trial that Deputy Dixon recorded her statements made in the back of his cruiser on a personal recording device violated her Fifth and Fourteenth Amendment rights. Further, she asserts, using personal equipment was so far outside the policies of the Logan County Sheriff's Department that it violated her Fourth Amendment right to privacy.

Respondent claimed this Ground for Relief should be dismissed as procedurally defaulted.  After considering at length Petitioner's asserted excuses, the Magistrate Judge recommended dismissal on that basis. (R&R, PageID # 3122.)

Petitioner objects that the procedural default is excused by evidence she does not identify but that she alleged received from Respondent on December 29, 2020. (Objs., PageID # 3201.)  The Court assumes this is part of the State Court Record, which was served on her at that time, but because she does not identify the evidence to which she refers, the Court cannot evaluate her argument.

The Magistrate Judge found that the fact Deputy Dixon was using a personally owned recording device was revealed on the record at trial and was therefore available for direct appeal. That finding is correct.  Whatever additional (yet undescribed) evidence Petitioner now has that attacks the admissibility of the recording was not presented in post-conviction.  The Court therefore agrees that Ground Eight is procedurally defaulted.

## X.      GROUND NINE: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY DENIAL OF THE RIGHT TO TESTIFY IN HER OWN DEFENSE

In her Ninth Ground for Relief, Petitioner claims her defense lawyer prevented her from testifying at trial. However, in her supporting facts, she admits that this was a matter of trial strategy with her lawyer advising her strongly not to expect to testify and in fact not to talk about her version of events with others who might "snitch" on her.

The Report recommends this claim be dismissed as procedurally defaulted because it was never fairly presented to the Ohio courts. (R&R, PageID # 3123.)  In her Objections, Petitioner again claims that all the other trial actors conspired to keep her off the stand so she would not reveal the victim's confession in the twenty-year-old domestic violence case.  She claims this would have caused the news media

12

to have a "field day" and would have ruined Judge Goslee's new judicial career. (Objs., PageID # 3203.)  This does not speak at all to the finding of procedural default, which the Court adopts.

## XI.   GROUND TEN: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: FAILURE TO PRESENT PHOTOGRAPHS

In her Tenth Ground for Relief, Petitioner asserts her trial attorney provided ineffective assistance when she "failed to submit as evidence photos from the Logan County Sheriff Department showing petitioner's badly bruised wrists and forearms and bruising on her back" as well as testimony from jail staff as witnesses to her difficulty speaking and swallowing during the four or five days she was incarcerated there, a recording showing how hoarse Petitioner was in the aftermath of the shootings, and evidence of the broken ribs she believed that she had.

The Magistrate Judge found this claim was based on evidence which was not in the appeal record.  Because it was not presented in Petitioner's post-conviction petition, it is barred by *res judicata*. (R&R, PageID # 3126.)

Petitioner's Objections merely repeat her theory that all the other trial actors conspired to keep out evidence from the old domestic violence case.  This does not refute the Magistrate Judge's procedural default conclusion because this assertedly new evidence has never been presented to the Ohio courts in a collateral attack on the judgment here.

## XII.   GROUND ELEVEN: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO SUBPOENA EVIDENCE

Petitioner makes no objection to the Report's recommendation that this claim should be dismissed as procedurally defaulted.

## XIII.  GROUND TWELVE: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: FAILURE TO SUBPOENA CHARACTER WITNESSES

In her Twelfth Ground for Relief, Petitioner asserts Attorney McFall provided ineffective assistance of trial counsel when she failed to subpoena character witnesses.  The Report found this claim was procedurally defaulted because it was not presented in post-conviction. (R&R, PageID # 3127.)

In fact, the Report noted that Petitioner offered no excuse for not presenting these witnesses in post-conviction.  In her Objections, Petitioner now claims she "raised a lot of issues for post-conviction attorney to present to present to the courts, [but] he failed to raise them. . . . The *Martinez/Trevino* rule should apply." (Objs., PageID # 3206.)  Because Petitioner never made a *Martinez/Trevino* claim before the Magistrate Judge, the Court could properly disregard it now, but will consider it in the interest of completeness.

There is no constitutional right to counsel in state post-conviction proceedings.  However, in *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

14

132 S. Ct. at 1318–19. In *Trevino v. Thaler*, 569 U.S. 413 (2013), the Court extended *Martinez* to the Texas system and in *White v. Warden, Ross Corr. Inst.,* 940 F.3d 270 (6th Cir. 2019), the Sixth Circuit held the *Martinez/Trevino* exception applies in Ohio where the ineffective assistance of trial counsel claim could not be properly raised on direct appeal for lack of a sufficient record. Because the character witness testimony was not in the appellate record, this particular ineffective assistance of trial counsel claim had to be raised in post-conviction.

Petitioner offers absolutely no proof of what she told her post-conviction attorney, relying instead on a vague claim that she raised "lots of issues." Thus, she has not shown her post-conviction attorney, Assistant State Public Defender Stephen Hardwick, performed incompetently to the level required by *Strickland,* a prerequisite to application of *Martinez/Trevino.*

As to whether the underlying claim of ineffective assistance of trial counsel was substantial, another requirement of *Martinez/Trevino,* Petitioner claims her trial attorney only talked with one neighbor, who was not called to testify, and there was a long list of people who were prepared to testify on her behalf but were never called. (Objs., PageID # 3206.) Who were these people and what were they prepared to testify to? As the Report notes, Petitioner provides no answer to these critical questions. (R&R, PageID # 3127.) As to why these witnesses were not called, Petitioner falls back on her conspiracy theory. (Objs., PageID # 3206.)

The Court concludes that Petitioner's *Martinez/Trevino* claim fails for lack of proof. The Court therefore accepts the Magistrate Judge's conclusion that Ground Twelve is barred by procedural default.

## XIV.   GROUND THIRTEEN: DENIAL OF COUNSEL OF CHOICE

In her Thirteenth Ground for Relief, Petitioner claims she was denied representation by her counsel of choice, Sarah Schregardus, who was forced by co-counsel Tina McFall to withdraw. The Report concluded this claim was procedurally defaulted because it was available to argue on direct appeal, but was not. (R&R, PageID # 3128.)

Petitioner objects that Attorney Schregardus was forced out to prevent her from bringing up the old domestic violence case and moving to disqualify Judge Goslee, again arguing a conspiracy among all the other trial actors.

This does not explain why the issue was not raised on direct appeal when Petitioner had a new attorney. The Magistrate Judge's recommendation to dismiss this claim as procedurally defaulted is therefore adopted.

## XV.   GROUND FOURTEEN: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL: FAILURE TO CALL PSYCHIATRIC EXPERT

In her Fourteenth Ground for Relief, Petitioner claims she received ineffective assistance of trial counsel when Attorney McFall failed to call or even hire an expert to explain "the psychiatric and trauma aspects of petitioner on the night in question." The Report recommended Ground Fourteen be dismissed as procedurally defaulted because it had not been raised either on direct appeal or in post-conviction. (R&R, PageID # 3129.) The Report also recommended dismissal on

16

the merits because Petitioner's hypothesis about what a psychiatrist would have said is completely speculative. (*Id.*)

In her Objections, Petitioner again raises the *Martinez/Trevino* exception, which is unavailing for the reasons given above as to Ground Twelve.  Her response on the merits provides nothing more than further speculation.

## XVI.  GROUND FIFTEEN: SEARCH WITHOUT A WARRANT

In her Fifteenth Ground for Relief, Petitioner claims her Fourth and Fourteenth Amendment rights were violated when Sheriff's Deputies took photographs inside her home on the night of Gary Kennedy's death.[3]

The Report recommended that the Fifteenth Ground for Relief be dismissed as not cognizable in habeas corpus on the basis of *Stone v. Powell*, 428 U.S. 465 (1976). (R&R, PageID # 3130.)  The Warden relied on *Stone* in the Return and Petitioner made no response to that authority.

In her Objections, Petitioner again makes no response to *Stone*.  Instead, she attempts to re-cast this claim as one for ineffective assistance of trial counsel for not moving to suppress the photographs. (Objs., PageID # 3209.)  A habeas corpus petitioner cannot litigate a claim in one form, then completely change it when objecting to a report and recommendations.

The Court concludes Ground Fifteen as pleaded is barred by *Stone*.

---

[3] Although the Magistrate Judge did not discuss the merits of this claim, the deputies' entry into the home was in response to Petitioner's call about her husband being shot.  Once they found what appeared to be a homicide scene, preservation of evidence justified their taking photographs.

## XVII. GROUND SIXTEEN: INEFFECTIVE ASSISTANCE OF COUNSEL: FAILURE TO REVEAL POTENTIAL CONFLICT OF INTEREST

In her Sixteenth Ground for Relief, Petitioner complains that one of her trial attorneys, Marc Triplett, did not tell her until "just days" before her trial began that he had represented her husband in the domestic violence misdemeanor case twenty years before. Respondent asserted this claim is procedurally defaulted because it was never presented to the Ohio courts. The Magistrate Judge agreed. (R&R, PageID # 3131.)

In her Objections, Petitioner repeats her conspiracy accusations. (Objs., PageID # 3210.) They remain unpersuasive.

## XVIII. GROUND SEVENTEEN: FAILURE TO DISCLOSE EXCULPATORY DNA TEST RESULTS

In her Seventeenth Ground for Relief, Petitioner claimed that DNA testing of the murder weapon revealed it had been handled by someone else. In her Reply, however, she admitted that there was no such test result. She attempted to change her Seventeenth Ground to ineffective assistance of trial counsel for not obtaining fingerprints from the murder weapon. The Report recommended rejecting the original claim as procedurally defaulted and against allowing the amendment. (R&R, PageID # 3132.) Petitioner makes no objection.

## XIX. GROUND EIGHTEEN: INEFFECTIVE ASSISTANCE OF POST-CONVICTION COUNSEL

The Report recommended dismissal of this claim as non-cognizable because *Martinez/Trevino* does not recognize a constitutional right to effective assistance of counsel in post-conviction. Petitioner makes no objection.

**XX.        GROUND NINETEEN: FAILURE TO INSTRUCT ON LESSER INCLUDED OFFENSES**

In her Nineteenth Ground for Relief, Petitioner claims the trial court's failure to instruct on the lesser-included offenses of involuntary manslaughter and reckless homicide violated her Sixth and Fourteenth Amendment rights.  The Report recommended dismissing this claim as procedurally defaulted because it was never presented to the Ohio courts, and also as non-cognizable since there is no constitutional right to a lesser-included offense instruction. (R&R, PageID # 3134–35.)

In her Objections, Petitioner relies on *Brewer v. Overberg*, 624 F.2d 51 (6th Cir. 1980), for the proposition that failure to instruct on a lesser-included offense is a cognizable claim in habeas.  *Brewer* does stand for that proposition. Much more recently, the Sixth Circuit noted that the Supreme Court has never held that a lesser-included offense instruction is required in non-capital cases.  *McMullan v. Booker,* 761 F.3d 662, 667 (6th Cir. 2014).

Even assuming cognizability, Petitioner has offered no proof that either of her two proffered lesser-included offenses count as lesser included offenses under Ohio law.  Nor has she excused her failure to raise this claim on direct appeal.

**XXI.       GROUND TWENTY: JUDICIAL BIAS**

In her Twentieth Ground for Relief, Petitioner claims her conviction should be set aside because the trial judge, William Goslee, was prejudiced against her. She sets forth the multiple bases of these claims in Grounds Twenty A through

19

Twenty I.  The Report recommended denying this claim because Petitioner made no request for disqualification, either by motion to Judge Goslee himself or by request to Chief Justice O'Conner, before trial. (R&R, PageID # 3139.)

Petitioner's objection seems to be that the victim's commission of domestic violence against her twenty years before was key to her battered woman defense and Judge Goslee had a duty to bring that evidence forward.  She claims that when a judge conceals evidence that could have exonerated her from murder, that shows extreme prejudice.

Judge Goslee did not "conceal" the fact that Gary Kennedy committed domestic violence on Rosalie Kennedy.  The Petitioner knew of the prior case and was competent to testify to its facts, as well as of any incidents of domestic violence that had occurred at any time during the marriage.  A trial judge has no duty to investigate either side of a case over which he or she is presiding; that duty falls on the attorneys for each side.

The record establishes that it was the defense that moved to exclude documents from the old cases. (Motion in Limine, State Court Record, ECF No. 20, PageID # 681–85.)  Petitioner attempts to turn this on its head by claiming her trial attorney, Tina McFall, was part of the conspiracy to get her convicted.  Again, this is speculative at best.

The balance of Petitioner's sub-claims under Ground Twenty argue that Judge Goslee was disqualified because of various errors he allegedly made.  The remedy for judicial error is appeal, not retrospective disqualification.  As the Report

correctly found (R&R, PageID # 3142), each of the sub-claims was procedurally defaulted by failure to object and also fails on the merits because it does not provide a valid basis for disqualification even if it had been objected to.

## XXII.      GROUND TWENTY-ONE: FAILURE TO EXCUSE A BIASED JUROR

In her Twenty-First Ground for Relief, Petitioner claims she is entitled to habeas corpus relief because Judge Goslee did not excuse a biased juror, Mr. Sita. The Report recommended dismissing this claim because it is procedurally defaulted: after the trial judge's examination of Mr. Sita, defense counsel withdrew their objection. (R&R, PageID # 3142–43.)

Petitioner objects that her attorneys did not object to Mr. Sita because they were involved in the conspiracy to get her convicted.  The undersigned has already said enough to reject that claim.

## XXIII.    CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Petitioner's Objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 37) and **OVERRULES** (ECF No. 52) Petitioner's Objections.  The Clerk will enter judgment dismissing the Amended Petition with prejudice.   Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**